UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:24-cr-10071-FDS |
| ERIC TABARO NSHIMIYE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S "MOTION IN SUPPORT OF BOND"**

The United States of America, by and through undersigned counsel, hereby submits this opposition to *Defendant's Motion and Memorandum in Support of Bond*. [D.18]. As set forth below, to the extent that this motion seeks to reopen the detention decision entered in this matter, the defendant has failed to provide facts which: (1) were not known to him at the time of the original detention order; and (2) are material to the issues of assuring his appearance and the safety of the community. 18 U.S.C. § 3142(f)(2). To the extent that the defendant is seeking to appeal the order of detention entered on March 29, 2024, to the district court, that appeal is untimely. Fed.R.Crim.P. 59(a). In either event, this Court should deny the motion.

**Procedural History**

On March 21, 2024, the defendant was arrested in the Northern District of Ohio on a criminal complaint issued by this Court. [DOH.1; D.14].[1] The complaint charged the defendant with violations of 18 U.S.C. §1623(a) (perjury); 18 U.S.C. §§ 1503 and 2 (Obstruction of Justice/Aiding and Abetting); and 18 U.S.C. §1001(a)(1) (falsifying, concealing, and covering up a material fact by trick, scheme, or device). [D.1]. At his initial appearance that day, the

[1] "[D.*]" refers to the docket in *U.S. v. Nshimiye*, 1:24-cr-10071-FDS (D.Mass.). "[DOH.*]" refers to the docket in *U.S. v. Nshimiye*, 4:24-mj-06106-CEH (N.D. Ohio).

government moved for detention on three grounds: risk of flight under 18 U.S.C. § 3142(f)(2)(a); risk of obstruction under 18 U.S.C. § 3142(f)(2)(B); and danger to the community under 18 U.S.C. § 3142(f)(1)(E).[2] The government requested a short continuance to prepare for a detention hearing, and defense counsel requested several additional days to comport with his trial schedule. A preliminary hearing to address probable cause, detention, and identity was set for March 29, 2024, and the defendant was detained pending that hearing. [D.14, ND Ohio docket notes].

On March 26, 2024, a grand jury sitting in Boston indicted the defendant in a six count indictment charging him with violations of 18 U.S.C. §1623(a) (perjury); 18 U.S.C. §§ 1503 and 2 (Obstruction of Justice/Aiding and Abetting); and 18 U.S.C. §1001(a)(1) (falsifying, concealing, and covering up a material fact by trick, scheme, or device). [D.11]. The indictment obviated the need for a probable cause determination in the Northern District of Ohio. *See* Fed.R.Crim.P. 5.1(a)(2).

The defendant was represented in Ohio by the Federal Public Defenders Office. [D.14]. Prior to the hearing, the defendant gathered more than 60 letters of support and defense counsel submitted them to the Court in support of the defendant's release. *See,* Notice of Submission of Letters of Support, *U.S. v. Nshimiye*, CASE NO. 4:24 MJ 6106 (N.D. Ohio). On March 29, 2024, at the outset of the hearing, the defendant waived his right to an identity hearing. [DOH.6; D.14]. The Court then held a full detention hearing and both parties proffered facts and made arguments. [D.14 Ohio docket note]. At the conclusion of the hearing, the Court found that the government had met its burden of demonstrating that no condition or combination of conditions

[2] While the clerk's notes on the docket sheet only make reference to risk of flight, the Assistant U.S. Attorney reports that he moved under all three grounds and believes the hearing recording will reflect that. A tape of that hearing has been ordered.

would reasonably assure the appearance of the defendant, and ordered the defendant detained. [DOH.4; D.14]. The hearing was widely attended by the defendant's family and friends. *See, Community Defends Eric Nshimiye*, Canton Independent (March 29, 2024).

The Court issued a Warrant of Removal to this district on March 29, 2024. [DOH.7; D.14]. The defendant did not seek review of the Order of Detention with the district judge in this district pursuant to 18 U.S.C. § 3145(b).

**Argument**

The defendant opted for a full detention hearing in the Northern District of Ohio – his "home" district – and was found to be a risk of flight. He now suggests he should get a second opportunity to argue essentially the same facts before this Court, as if the original hearing never took place. Nothing in the applicable statues or rules permits such a second bite at the apple, and this Court should summarily reject the instant motion.

While the defendant had a right to seek review of the Northern District of Ohio Order of Detention by Chief Judge Saylor pursuant to 18 U.S.C. § 3145(b), he failed to exercise that right within the applicable time period. That review would have had to be filed within 14 days pursuant to Fed.R.Crim.P. 59(a). *See also Rules for U.S. Magistrate Judges in the U.S. District Court for the District of Massachusetts*, Rule 1(c) (ruling of a magistrate judge is a ruling of the Court and is final unless reversed by the district judge); *United States v. Bowens*, 2007 WL 2220501, at *1 (D. Ariz. July 31, 2007)(dismissing appeal of bail determination as untimely under Rule 59(a)); *United States v. Tooze,* 236 F.R.D. 442 (D.Ariz. 2006). Moreover, nothing in his motion suggests that this is an appeal from the ruling in the Northern District of Ohio, nor is there any explanation in his pleading for his failure to act within the prescribed 14 days.

While this Court *may* reopen the detention hearing and conduct a further hearing if "information exists that was not known to the movant at the time of the [original] hearing and that has a material bearing on the issue . . . ," 18 U.S.C. § 3124(f), the decision to reopen is discretionary and the defendant in this case offers the Court nothing which was "not known" so as to prompt a reopening. *See United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012) (noting the distinction between a review of the original detention decision by the district judge and the reopening of a detention matter, and concluding that the latter is entirely discretionary and dependent on the presentation of new facts); United States v. Bararia, 2013 WL 1907782, at *4 (D. Nev. Mar. 12, 2013), *aff'd,* 2013 WL 1907750 (D. Nev. May 7, 2013) (noting that "Courts interpret [the requirement of unknown information] strictly" *citing cases*).

Those courts which have addressed the issue have concluded that information "not known," sufficient to give rise to reopening a detention hearing, includes those facts which were capable of being known after the exercise of reasonable diligence for the original proceeding. *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *see also United States v. Flores*, 856 F. Supp. 1400, 1405–06 (E.D. Cal. 1994); *United States v. Spring*, 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014) ("It seems clear that the cases interpret this statutory language to mean not just actual knowledge, but also constructive knowledge, *i.e.,* knowledge 'that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person.'" *citation omitted*.) As the *Flores* court discussed, it is essential that § 3142(f) be applied in a manner which encourages a party to be diligent in "bringing forth all material evidence the first time a hearing is held." *Id.*; *see, also United States v. Smith*, 2012 WL 3776868, at *4 (D. Ariz. Aug. 31, 2012) (rejecting a motion for reopening a bail hearing filed by

new counsel citing the need for litigants to acquire readily available evidence for the original hearing).

The First Circuit has addressed nearly identical circumstances as those presented in this case and upheld a district court decision not to reopen a detention hearing. *See Dillon*, 938 F.2d 1412. In *Dillion*, the defendant had a full detention hearing before a magistrate judge and was detained. *Id.* at 1415. He then sought review of that decision in the district court pursuant to 18 U.S.C. §3145, which also resulted in his detention. *Id*. He then retained new counsel and that counsel gathered a number of letters in support of release from family and friends and a commitment by the defendant's father to post a home worth $200,000 to ensure the defendant complied with the terms of his release. *Id.* Upon new defense counsel's motion, the district court declined to reopen the detention hearing. *Id*. It concluded that the letters and offer of equity in a home could have been offered at the original detention hearing and did not qualify as "unknown information" pursuant to 18 U.S.C. § 3142(f). *Id*. The First Circuit affirmed the district court's decision. *Id*. Notably, both the district court and the First Circuit relied on the fact that, "'numerous relatives and friends' of appellant had shown up for the [original] hearing . . . lending support to the [district] court's finding that the *information* contained in the affidavits and letters was indeed available to appellant at the time of the hearing." *Id.*

In this case, original counsel had more than a week to prepare for the detention hearing. He gathered numerous letters of support from family and friends of the defendant. Moreover, numerous supporters of the defendant were present for, and demonstrated at, his original detention hearing. While the defendant may suggest that the half-hearted offer of additional surety in footnote two of his in his motion is sufficient to reopen detention in this matter [D.18,

fn. 2], the First Circuit has clearly stated otherwise. *Dillon*, 938 F.2d at 1415; *see also United States v. Mateo Soto*, 2017 WL 3705797, at *2 (D. Mass. Aug. 25, 2017)(rejecting a motion to reopen detention hearing, concluding "[d]efendant has not shown that the properties [offered as surety] or the willingness of their owners to post them is previously nonexistent information").

Finally, while the Court need not address it in denying the instant motion, there is one new fact which strongly supports the decision of the magistrate judge in the Northern District of Ohio.  On April 12, 2024, Beatrice Munyenyezi was convicted in Rwanda and sentenced to life in prison.  https://www.newtimes.co.rw/article/15960/news/crime/beatrice-munyenyezi-sentenced-to-life-imprisonment-for-genocide-crimes.  Ms. Munyenyezi is a Rwandan genocidaire who had been convicted in the District of New Hampshire in 2013 of crimes similar to those the defendant faces in this case, and after serving her ten year federal sentence was returned to Rwanda to face justice there.  Notably, Ms. Munyenyezi was convicted for conduct in Butare, the same town in which the defendant is alleged to have perpetrated his crimes as a medical student.  Moreover, the government anticipates that it will offer evidence at trial in this matter which links the defendant to the hotel and roadblock which Ms. Munyenyezi controlled during the genocide.

The recent life sentence imposed on a Rwandan genocidaire from the same town as the defendant, and who was convicted on similar charges in the United States before being returned, substantially increases the likelihood that the defendant will flee to avoid prosecution in this

case.

                                                  Respectfully submitted,

                                                  JOSHUA S. LEVY
                                                  Acting United States Attorney

By:   *s/John T. McNeil*
        JOHN T. McNEIL
        AMANDA BECK
        Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

Suffolk, ss.:                                              Boston, Massachusetts
                                                                 April 29, 2024

I, John T. McNeil, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                            *s/John T. McNeil*
                                                            JOHN T. McNEIL