UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Docket No. 1:24-cr-10071-FDS |
| ERIC TABARO NSHIMIYE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S "MOTION IN SUPPORT OF BOND"**

The United States of America, by and through undersigned counsel, hereby submits this supplemental opposition to *Defendant's Motion and Memorandum in Support of Bond*. [D.18]. The government has just received a transcript of the detention hearing held in the Northern District of Ohio and attaches it as Exhibit 1. The transcript makes clear several points:

- The Court had the benefit of 102 pages of letters in support from the family and friends of the defendant. *See* Exhibit 1 at 12, 36.

- The courtroom was at capacity at the time of the detention hearing because of the presence of family and friends of the defendant. *Id*. at 13.

- The Court considered both risk of flight and danger to the community. *Id.* at 9, 34.

- The defendant proffered two potential third party custodians as part of a release proposal. *Id* at 14-15, 33. The defendant also proffered other measures to assure the defendant's appearance. *Id.* at 32

1

In finding that the defendant was a risk of flight, the Court found particularly compelling that Nshimiye admitted on cross-examination at the trial of Jean Leonard Teganya that he had provided false information in his asylum application. As the Court noted,

> These false statements were about where he was born, his father's death, and where he went to school. These seemingly minor things disturb the Court as to why someone would lie about things that are seemingly minor but also things that you would never forget. And it leads to a conclusion that you lied about them to hide something. And if he would lie about these things to hide them to get here, it is hard for the Court to say that he would not do similar acts of deception and lying and fleeing to keep himself from going back to the place that he worked hard to run away from.

*Id.* at 40-41.

This transcript of the detention hearing in the Northern District of Ohio amply supports the government's argument that the Court should summarily dismiss the instant motion.

        Respectfully submitted,

        JOSHUA S. LEVY
        Acting United States Attorney

By:   *s/John T. McNeil*
        JOHN T. McNEIL
        AMANDA BECK
        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

Suffolk, ss.:                                        Boston, Massachusetts
                                                       April 29, 2024

I, John T. McNeil, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*s/John T. McNeil*
JOHN T. McNEIL