UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC TABARO NSHIMIYE,<br>  a/k/a Eric Tabaro Nshimiyimana,<br><br>      Defendant | CRIMINAL No. 1:24-cr-10071-FDS |

**JOINT MOTION FOR A PROTECTIVE ORDER**

Now comes the United States, through counsel, jointly with the defendant, through counsel, to request that the Court enter a protective order pursuant to Fed. R. Crim. P. 16(d)(1) and Local Rule 116 restricting the use and dissemination of certain sensitive information in this case, as set forth below. A copy of a proposed protective order is appended to this motion.

1. Defendant ERIC TABARO NSHIMIYE is charged with four counts of perjury, each a violation of 18 U.S.C. § 1623(a); one count of obstruction of justice and aiding and abetting, violations of 18 U.S.C. §§ 1503 and 2; and one count of falsifying, concealing, and covering up a material fact, a violation of 18 U.S.C. § 1001(a)(1).

2. In connection with discovery in this case, the government intends to produce to the "Defense Team" (defined below) certain sensitive materials designated as "Protected Information." Protected Information includes, among other things, law enforcement reports detailing the interviews of victims, witnesses, and perpetrators of violent acts committed in connection with the 1994 genocide in Rwanda.

3. Witness security has been and continues to be an ongoing concern in cases arising out of the 1994 genocide in Rwanda. There have been hundreds of documented instances

of witness reprisal and intimidation in Rwanda, and the government of the United States cannot effectively monitor or prevent intimidation, threats, or physical harm targeting such witnesses. Likewise, the government of the United States cannot effectively monitor bribes or other payments made to persuade overseas witnesses not to testify or to alter their testimony. In this case, disclosure of the identities of non-law-enforcement witnesses could create a significant safety risk for those witnesses and otherwise render them subject to intimidation, harassment or unlawful persuasion. The primary purpose of the proposed Protective Order is to prevent the premature disclosure and distribution of the identities of vulnerable witnesses, while also permitting the defense to prepare for trial.

4. The proposed Protective Order permits the government to make early disclosure of certain reports and other information substantially in advance of the requirements of Fed. R. Crim. Pro. 16, applicable Local Rules, and 18 U.S.C. §3500. Under the proposed Protective Order, the government will produce to the Defense Team certain interview reports and related materials with the identities of the witnesses redacted. If the defendant supplies the government with the names of its defense witnesses 60 days prior to trial, the government will reciprocate at the same time by disclosing to the Defense Team the identities of the witnesses the government intends to call at trial. At that time, the government will also disclose unredacted copies of the interview reports and any *Jencks* material the government has located regarding those witnesses. Accordingly, the requested Protective Order will permit the government to produce discovery related to the victims and non-law-enforcement witnesses but preserve their privacy and security by placing limitations on the timing of disclosure, the use of the discovery, and the defendant's access to the discovery without defense counsel present.

5. The terms of the proposed Protective Order are as follows:

a.        The Defense Team shall access and use discovery produced by the government in this matter, including the Protected Information, for the sole purpose of preparing for and litigating the criminal case captioned above and any appeal or habeas petition directly arising therefrom. Discovery shall not be used for any other purpose or in any other matter.

b.        In this case, the term "Protected Information" refers to any record, and any information contained therein, marked or identified as such and produced to defense counsel of record pursuant to the Protective Order.

c.        For purposes of the Protective Order, the term "Defense Team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or office who may be consulted regarding case strategy in the above-captioned matter, (3) United States-based defense investigators who are assisting defense counsel with this case, (4) United States-based retained experts or potential experts, and (5) paralegals, legal assistants, and other United States-based support staff to defendant's counsel of record providing assistance on this case—all of whom have been advised of their obligations under the Protective Order and have executed the agreement attached as Exhibit A. The term "Defense Team" does not include defendant, the defendant's family members, any associates of the defendant, or any investigator, assistant, driver or other person retained by defense counsel who is based in Rwanda or other location overseas.

d.        Unless specifically excepted in the Protective Order, the Defense Team is expressly prohibited from disclosing any Protected Information to any person who has not both executed Exhibit A and returned a copy of that executed agreement to defense counsel of record. Defense counsel of record shall file all executed Exhibit As with the

Court *ex parte* and under seal. Defendant's counsel of record shall advise all Defense Team members of their obligations under the Protective Order and ensure their agreement to follow the Protective Order prior to providing any of them with access to any materials subject to the Protective Order.

e.  The government shall designate Protected Information marked with the following legend: "PROTECTED INFORMATION SUBJECT TO PROTECTIVE ORDER." If the defense objects to any such designation, it may do so by applying to the Court upon duly noticed motion, after first attempting in good faith to resolve their objection(s) with the government.

f.  The defendant may review Protected Information in this case only in the presence of those members of the Defense Team specified in Paragraph 5.c.(1), (2), and (5). The defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information, or any portion thereof, at any time. The defendant may not write down or memorialize any information contained in the Protected Information.

g.  The Defense Team may discuss Protected Information with an overseas investigator/consultant or potential witnesses in this case only if they have a good faith basis for doing so. However, the Defense Team may not show any record containing Protected Information to any overseas investigator/consultant or potential witnesses absent advance permission of the Court based on good cause. Overseas investigators/consultants and potential witnesses shall not be permitted to make notes of the Protected Information. In addition, overseas investigators/consultants may not have direct or indirect contact with persons believed to be the subject of Protected Information without defense counsel of record included in that direct or indirect contact. This

paragraph does not prohibit overseas investigators/consultants from communicating with potential witnesses not based on Protected Information, *e.g.,* based on a potential witnesses' prior statements in open court. This paragraph also does not prohibit overseas investigators/consultants from making initial contact with potential witnesses that may be the subject of Protected Information for the exclusive purpose of scheduling an interview in the presence of counsel of record. In no event shall an overseas investigator/consultant represent to a prospective witness that they are authorized by any U.S. government official or U.S. document to interview that person.

h. The Defense Team shall maintain Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials.

i. To the extent that a member of the Defense Team makes notes of Protected Information or includes Protected Information in work product, such notes or work product also become Protected Information subject to the Protective Order and must be marked as such and handled in accordance with the terms of the Protective Order.

j. In the event that the Defense Team discloses the identities of their witnesses in accordance with Paragraph 4, the United States government, its employees, and any independent investigators or experts retained by the United States government will not disclose to Rwandan government officials the identity of any such witness. This prohibition does not restrict the United States government from obtaining Rwandan government documents – such as criminal histories, court documents, or Gacaca records – about such defense witnesses so long as the United States government does not identify the individuals as potential defense witnesses. This prohibition also does not apply to any efforts made by the United States government to assist the defense in bringing

witnesses to the United States for purposes of trial testimony. Counsel for the United States shall advise each person who is provided access to the identities of potential defense witnesses, as authorized by this Order, of his or her obligation not to disclose the information. Counsel for the United States shall require any non-law enforcement personnel retained to assist in this matter to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information before such information is disclosed, except that a signed copy of this Order will be deemed to apply to any support or administrative staff working under the direction and supervision of the signer.

k.    If the Defense Team needs to include Protected Information in a pleading, then the pleading should be made under seal, unless relief from the restrictions imposed in the Protective Order are first obtained from the Court. If the Court rejects the request to file such information under seal, then the Defense Team shall provide advance written notice to the government to afford it an opportunity to object or otherwise respond to such intention. If the government does not object to the proposed filing, then the Defense Team shall make all reasonable attempts to limit the disclosure of Protected Information.

l.    Upon the final disposition of this case, all Protected Information shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of all appellate and post-conviction proceedings, the Defense Team shall return Protected Information to the government or certify that all such material has been destroyed.

m.    In the event that there is a substitution of counsel prior to when such documents must be returned or destroyed, new defense counsel must execute Exhibit A and agree

to abide by all terms of this Protective Order before any Protected Information may be transferred from to new counsel.

n.    The parties shall not disclose the identity of any non-government witness in any public court filing prior to the filing of witness lists.

6.    Accordingly, the parties request that this motion be granted and that the Court enter a protective order in the form submitted herewith.

Respectfully submitted,

ERIC TABARO NSHIMIYE      JOSHUA S. LEVY
Defendant      Acting United States Attorney

By:  *s/ Maksim Nemtsev by JTM*      By:  */s/ Amanda Beck*
    Maksim Nemtsev      Amanda Beck
    Kurt P. Kerns      John McNeil
    Counsel to Eric Tabaro Nshimiye      Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                             */s/ Amanda Beck*
                                                             Amanda Beck
                                                             Assistant United States Attorney

Date: May 30, 2024