UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC TABARO NSHIMIYE,<br>  a/k/a Eric Tabaro Nshimiyimana,<br><br>    Defendant | CRIMINAL No. 1:24-cr-10071-FDS |

**PROTECTIVE ORDER**

A joint motion has been made pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116 for a protective order which limits and, in some instances, prohibits the dissemination of certain sensitive records, and information contained therein, provided as discovery by the government to the defense in this matter. The Court has good cause to conclude that certain witnesses in this matter could be subject to harassment, intimidation, or other means to alter or prevent their testimony. There is also good cause to conclude that, by entering this protective order, the government will produce to the defense redacted reports and other information in advance of the deadlines established by Rule 16, the related Local Rules, and 18 U.S.C. §3500.

Therefore, it is hereby ORDERED as follows:

a.      The Defense Team (defined below) shall access and use discovery produced by the government in this matter, including the Protected Information (defined below), for the sole purpose of preparing for and litigating the criminal case captioned above and any appeal or habeas petition directly arising therefrom. Discovery shall not be used for any other purpose or in any other matter.

b.      For purposes of this Protective Order, the term "Protected Information" refers to any record, and any information contained therein, marked or identified as such and produced to defense counsel of record pursuant to this Protective Order.

c.      For purposes of this Protective Order, the term "Defense Team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or office who may be consulted regarding case strategy in the above-captioned matter, (3) United States-based defense investigators who are assisting defense counsel with this case, (4) United States-based retained experts or potential experts, and (5) paralegals, legal assistants, and other United States-based support staff to defendant's counsel of record providing assistance on this case—all of whom have been advised of their obligations under the Protective Order and have executed the agreement attached as Exhibit A.  The term "Defense Team" does not include defendant, the defendant's family members, any associates of the defendant, or any investigator, assistant, driver or other person retained by defense counsel who is based in Rwanda or another location overseas.

d.      Unless specifically excepted in this Protective Order, the Defense Team is expressly prohibited from disclosing any Protected Information to any person who has not both executed Exhibit A and returned a copy of that executed agreement to defense counsel of record.  Defense counsel of record shall file all executed Exhibit As with the Court *ex parte* and under seal.  Defense counsel of record shall advise all Defense Team members of their obligations under the Protective Order and ensure their agreement to follow the Protective Order prior to providing any of them with access to any materials subject to the Protective Order.

e.      The government shall designate Protected Information marked with the

following legend: "PROTECTED INFORMATION SUBJECT TO PROTECTIVE ORDER." If the defense objects to any such designation, it may do so by applying to the Court upon duly noticed motion, after first attempting in good faith to resolve their objection(s) with the government.

f.      The defendant may review Protected Information in this case only in the presence of a member of the Defense Team specified in Paragraph c.(1), (2) or (5). The defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information, or any portion thereof, at any time. The defendant may not write down or memorialize any information contained in the Protected Information.

g.      The Defense Team may discuss Protected Information with an overseas investigator/consultant or potential witnesses in this case only if they have a good faith basis for doing so.  However, the Defense Team may not show any record containing Protected Information to any overseas investigator/consultant or potential witnesses absent advance permission of the Court based on good cause.  Overseas investigators/consultants and potential witnesses shall not be permitted to make notes of the Protected Information.  In addition, overseas investigators/consultants may not have direct or indirect contact with persons believed to be the subject of Protected Information without defense counsel of record included in that direct or indirect contact. This paragraph does not prohibit overseas investigators/consultants from communicating with potential witnesses not based on Protected Information, *e.g.,* based on a potential witnesses' prior statements in open court.  This paragraph also does not prohibit overseas investigators/consultants from making initial contact with potential witnesses that may be the subject of Protected Information for the exclusive purpose of scheduling an interview

in the presence of counsel of record. In no event shall an overseas investigator/consultant represent to a prospective witness that they are authorized by any U.S. government official or U.S. document to interview that person.

h.      The Defense Team shall maintain Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials.

i.      To the extent that a member of the Defense Team makes notes of Protected Information or includes Protected Information in work product, such notes or work product also become Protected Information subject to this Protective Order and must be marked as such and handled in accordance with the terms of this Protective Order.

j.      In the event that the Defense Team discloses the identity of any proposed defense witness prior to the filing of witness lists, the United States government, its employees, and any independent investigators or experts retained by the United States government will not disclose to Rwandan government officials the identity of any such witness. This prohibition does not restrict the United States government from obtaining Rwandan government documents – such as criminal histories, court documents, or Gacaca records – about such defense witnesses so long as the United States government does not identify the individuals as potential defense witnesses. This prohibition also does not apply to any efforts made by the United States government to assist the defense in bringing witnesses to the United States for purposes of trial testimony. Counsel for the United States shall advise each person who is provided access to the identities of potential defense witnesses, as authorized by this Order, of his or her obligation not to disclose the information. Counsel for the United States shall require any non-law enforcement personnel retained to assist in this matter to sign a copy of this Order to affirm his or her understanding of

such person's obligation not to disclose the information before such information is disclosed, except that a signed copy of this Order will be deemed to apply to any support or administrative staff working under the direction and supervision of the signer.

k.      If the Defense Team needs to include Protected Information in a pleading, then the pleading should be made under seal, unless relief from the restrictions imposed in the Protective Order are first obtained from the Court. If the Court rejects the request to file such information under seal, then the Defense Team shall provide advance written notice to the government to afford it an opportunity to object or otherwise respond to such intention. If the government does not object to the proposed filing, then the Defense Team shall make all reasonable attempts to limit the disclosure of Protected Information.

l.      Upon the final disposition of this case, all Protected Information shall remain subject to this Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of all appellate and post-conviction proceedings, the Defense Team shall return Protected Information to the government or certify that all such material has been destroyed.

m.      In the event that there is a substitution of counsel prior to when such documents must be returned or destroyed, new defense counsel must execute Exhibit A and agree to abide by all terms of this Protective Order before any Protected Information may be transferred from to new counsel.

n.      The parties shall not disclose the identity of any non-government witness in any

public court filing prior to the filing of witness lists.

SO ORDERED.

6/3/24
DATE

                    Hon. DONALD L. CABELL
                    Chief United States Magistrate Judge

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") entered in *United States v. Eric Tabaro Nshimiye,* Criminal Number 1:24-cr-10071-FDS.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Address: _____

Dated: _____

_____
Signature