**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC TABARO NSHIMIYE,<br>      Defendant. | No. 24-cr-10071-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR LEAVE TO PROCEED**
**EX PARTE AND UNDER SEAL FOR ISSUANCE OF LETTERS ROGATORY**

CABELL, Ch.U.S.M.J.

The defendant Eric Tabaro Nshimiye, a/k/a Eric Tabaro Nshimiyimana, is charged in an indictment with violations of: 18 U.S.C. § 1623(a) (perjury); 18 U.S.C. §§ 1503, 2 (obstruction of justice and aiding and abetting); and 18 U.S.C. § 1001(a)(1) (falsifying, concealing, and covering up a material fact by trick, scheme, or device).  (D. 11).  The charges stem from the defendant's purportedly false claims in connection with:  (1) his May 1995 application for classification as a refugee in this country; (2) his March 1997 application for permanent residency; and (3) his 2001 application for United States citizenship.  The perjury and obstruction of justice charges pertain to his trial testimony in *United States v. Teganya*, 1:17-cr-1-292-FDS.  (D. 1-1, ¶¶ 35-36).  The backdrop for all the charges is the defendant's

allegedly active role in the 1994 genocide as a Hutu and his persecution of Tutsis in Rwanda.  (D. 11, ¶¶ 11, 13-16).

At present, the defendant moves for leave to proceed ex parte and under seal on a motion requesting letters rogatory to prevent a premature disclosure of his trial strategy, witnesses' identities, and documents protected under the work product doctrine.  First, he asks to proceed ex parte with respect to the filing and the court's adjudication of the motion for letters rogatory.  Second, he seeks to seal the documents received in response to the letters rogatory by the court and to disclose to the government the documents that fall under the Federal Rule of Criminal Procedure 16 ("Rule 16") and the local rules of this court.[1]  For the following reasons, the motion (D. 55) is allowed.

## I. The Parties' Arguments

As to proceeding ex parte, the defendant argues that the use of ex parte applications for subpoenas under Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)") should also apply to

---

[1] The defendant does not explicitly ask to seal the responsive documents received by the court.  Rather, he relies on 28 U.S.C. § 1781(b)(2) ("section 1781(b)(2)"), submits that the statute does not require simultaneous production of responsive materials to both the government and the defense, and "requests that any responses to the letters rogatory . . . be provided to the government in accordance with" Rule 16 and the local rules.  (D. 55).

Presumably, the defendant therefore moves to seal the responsive materials initially upon receipt and, to the extent the materials fall outside Rule 16 and the local rules, have the materials remain sealed until the conclusion of the case.  Relatedly, section 1781(b)(2) allows a federal court to transmit a letter rogatory to a foreign tribunal and to have any responsive materials, "return[ed] in the same manner," i.e., to the federal court.

2

letters rogatory.[2]  This is necessary, or so the defendant contends, to avoid divulging his trial strategy and foregoing his Sixth Amendment right to obtain evidence.  Although the defendant uses Rule 17(c) as an analogy to support an ex parte request for letters rogatory, he relies on the court's authority under section 1781(b)(2) and the court's inherent authority in seeking the letters rogatory.[3]  Anent to sealing, the defendant similarly reasons that disclosing the responsive evidence immediately upon receipt to the government would divulge his trial strategy in contravention of his Sixth Amendment right to obtain evidence as well as reveal witnesses' identities and his counsel's work product.

In opposition, the government accurately notes that the defendant fails to cite a single case, statute, or treaty which authorizes a court to grant an ex parte application for letters rogatory in a criminal case.  In addition, the government argues that section 1781(b)(2) does not provide authority for the court

---

[2] To provide context, Rule 17(c) is "intended exclusively for trial or a formal hearing." *United States v. Pereira*, 353 F. Supp. 3d 158, 160 (D.P.R. 2019).  Thus, a "Rule 17(c) subpoena is 'trial-focused' and may be used 'only to obtain materials admissible as evidence at trial'" or an adversarial hearing.  *Id.* (citations omitted).  Rule 17(c) is not a discovery device.  *United States v. Castro-Ward*, 385 F.Supp.3d 156, 158 (D.P.R. 2018) (citation omitted); *see United States v. Nixon*, 418 U.S. 683, 698 (1974) (describing fundamental characteristic of "subpoena duces tecum in criminal cases" as "not intended to provide a means of discovery for criminal cases").

[3] In no uncertain terms, the defendant states "that [he] is not seeking the issuance of letters rogatory under this Court's Rule 17 authority.  Instead, [he] relies on the Court's authority under 28 U.S.C. § 1781 and its inherent powers."  (D. 55).

3

to issue letters rogatory. Rather, in conjunction with section 1781(a), which empowers the United States Department of State to receive and transmit a letter rogatory, section 1781(b) simply notes that nothing in section 1781(a) "precludes . . . the transmittal of a letter rogatory" from a United States tribunal "to the foreign or international tribunal, officer, or agency to whom is addressed," according to the government. (D. 58) (quoting section 1781(b)(2)). Hence, per this argument, any authority to issue letters rogatory arises from the court's inherent power. Next, the government asserts that a number of courts have concluded that a Rule 17(c) subpoena cannot be issued ex parte. More, the inevitable delay in proceeding by letters rogatory ex parte is potentially unfair to the government. Lastly, government submits that the defendant's anticipated use of a "private agent" to serve the letters rogatory without any oversight interjects uncertainty and increases the potential for corruption.[4]

---

[4] As to this last point, the court is unpersuaded. The defendant proposes to use "appropriate counsel to receive the letters from this Court and submit them to the appropriate foreign jurisdiction." (D. 55). The government's assumption of corruption in foreign tribunals, even if a request is made to the Rwanda government, is speculative.

Separately, the court reserves the ability to find that the defendant's use of private counsel to serve the letter(s) is inappropriate upon review of the motion for issuance of letters rogatory.

4

## II. DISCUSSION

### A. Letters Rogatory Process and Section 1781(b)(2) Authority

To briefly explain the process, a letter rogatory is often described as:

> "the medium, in effect, whereby one country, speaking through one of its courts, requests another country, acting through its own courts and *by methods of court procedure peculiar thereto and entirely within the latter's control*, to assist the administration of justice in the former country; such request being made, and being usually granted, by reason of the comity existing between nations in ordinary peaceful times."

*Id*. (quoting *Abraxis BioScience, LLC v. Actavis, LLC*, No. 2:16-cv-1925 (JMV), 2017 WL 2293347, at *2 (D.N.J. May 25, 2017), quoting *DBMS Consultants Ltd. v. Computer Assoc., Int'l*, 131 F.R.D. 367, 369 (D. Mass. 1990)) (emphasis added); *accord United States v. Hoskins*, Criminal No. 3:12cr238 (JBA), 2015 WL 4874921, at *5 (D. Conn. Aug. 14, 2015) (same) (citation omitted); *see* John Fellas, Transnational Litigation § 25:52 (2024) (Where defendant seeks evidence in a foreign country, "foreign procedural rules must apply.").

A federal court's authority "to issue requests for judicial assistance through letters rogatory" in criminal cases emanates, "at least in part," from section 1781(b)(2). *United States v. Strong*, 608 F. Supp. 188, 193-194 (E.D. Pa. 1985) (discussing federal court's authority at length including court's power "to transmit or receive [letters rogatory]" under section 1781(b)(2)

5

post-indictment); *see Hoskins*, 2015 WL 4874921, at *5. Undeniably, a federal court also has the inherent power to issue letters rogatory in criminal cases. *United States v. Tao*, Case No. 19-20052-JAR, 2021 WL 5205446, at 44 *6 (D. Kan. Nov. 9, 2021)) (stating in criminal case that district courts have "inherent authority to issue letters rogatory"); *Hoskins*, 2015 WL 4874921, at *5 (stating in criminal case that "courts have both statutory and inherent authority to issue letters rogatory"); *Strong*, 608 F. Supp. at 193-194.[5]

Section 1781(b)(2), placed in the context of section 1781(a), reads as follows:

> § 1781. Transmittal of letter rogatory or request
>
> (a) The Department of State has power . . .
>
> (2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.
>
> (b) This section does not preclude-- . . .
>
> (2) the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed *and its return in the same manner*.

28 U.S.C. § 1781 (emphasis added). Per the import of the above language, section "1781(b)(2) allows courts to issue letters rogatory directly to a foreign tribunal or agency." *United States*

---

[5] The government's argument that the authority to issue letters rogatory in criminal cases arises only from the court's inherent powers as opposed to also under section 1781(b)(2) therefore fails to persuade.

*v. Tuma*, 738 F.3d 681, 688 (5th Cir. 2013). The return in the "same manner," 28 U.S.C. § 1781(b)(2), unambiguously provides that the letter rogatory with the requested information, if any, is transmitted back to the tribunal in the United States.

In addition, "[t]he standard for issuance of a letter rogatory is the same as if the evidence were located in the United States." *United States v. Van Avermaet*, No. 21-cr-443-TSC-ZMF-4, 2024 WL 3835320, at *1 (D.D.C. Aug. 15, 2024) (addressing outgoing letters rogatory); *accord Hoskins*, 2015 WL 4874921, at *5 (adjudicating motion seeking outgoing letters rogatory) (citation omitted). This means that the defendant, as the party seeking the information, must "satisfy both the requirements of Federal Rule of Criminal Procedure 17 and *United States v. Nixon* to obtain evidence that is located abroad." *Van Avermaet*, 2024 WL 3835320, at *1; *Hoskins*, 2015 WL 4874921, at *5. To that end, the "proponent of [a Rule 17(c)] subpoena," i.e., the defendant, "must demonstrate '(1) relevancy; (2) admissibility; [and] (3) specificity.'" *United States v. Castro-Ward*, 385 F. Supp. 3d 156, 159 (D.P.R. 2018) (citing *Nixon*, 418 U.S. at 699-700) (additional citation omitted).[6]

---

[6] As an aside, "[t]he enforcement of a pretrial subpoena duces tecum is committed to the sound discretion of the district court." *United States v. Lieberman*, 608 F.2d 889, 904 (1st Cir. 1979) (citing *Nixon*, 418 U.S. at 702) (additional citation omitted). In contrast, under Federal Rule of Criminal Procedure Rule 15(a) ("Rule 15(a)"), a court may allow a motion to depose a witness "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). While the Rule 15(a) "standard confers discretion upon the district court to permit criminal depositions, 'this

**B.   Ex Parte Application**

As noted, the defendant seeks to file and have the court decide the motion to issue letters rogatory ex parte.  To briefly recap and add detail to the previously-summarized argument, the defendant asserts that because Rule 17(c) allows ex parte requests, the court should permit ex parte letters rogatory requests.  The government responds that not all courts allow ex parte Rule 17(c) subpoenas.  Even if the court concludes that Rule 17(c) allows the movant to obtain a Rule 17 subpoena ex parte, the government contends that such a conclusion would not equally apply to an application for letters rogatory.  Further, whereas the government acknowledges that the defendant should not have to reveal his trial strategy unless required by procedural or evidentiary rules, the government submits that portions of the letters rogatory process might not reveal such strategy.

To begin, the government is correct that not all cases uniformly favor ex parte applications under Rule 17(c).  *See United States v. Garg*, Case No. CR21-0045-JCC, 2024 WL 37047, at *2 (W.D. Wash. Jan. 3, 2024) (noting, consistent with the court's reasoning, that leading treatises "have concluded that, '[i]f a [Rule 17(c)] Motion is made it cannot be ex parte'") (citations omitted).  Crucially, however, decisions in this circuit support the use of

---

discretion is not broad, and should be exercised carefully.'"  *United States v. Gasana*, Criminal No. 20-cr-016-LM, 2024 WL 3757203, at *3 (D.N.H. Aug. 12, 2024) (citing First Circuit cases).

8

ex parte applications where necessary to avoid a premature disclosure of trial strategy and witness lists.

To elaborate, first, as stated by the First Circuit, "Rule 17(c) does not expressly prohibit ex parte requests for subpoenas, and courts have found them to be permissible." *United States v. Kravetz*, 706 F.3d 47, 53 n.1 (1st Cir. 2013) (citing three criminal cases[7] finding ex parte Rule 17 applications appropriate to avoid defendant's premature disclosure of trial strategy and witness list).[8] Second, as indicated, all three cases cited in *Kravetz* justified ex parte Rule 17(c) applications in whole or in part to prevent divulging trial strategy, witness lists, or counsel's work product. *See Peters*, 2007 WL 4105671, at *1 ("permitting ex parte applications for Rule 17 subpoenas 'where a party can demonstrate that it would be required to prematurely disclose its trial strategy, witness list, or other privileged information in its application'" (quoting *United States v. Weissman*, No. 01 CR 529, 2002 WL 1467845, at *1-*2 (S.D.N.Y. July 8, 2002))); *Daniels*, 95

9

---

[7] *United States v. Peters*, No. 03-CR-211S, 2007 WL 4105671, at *1 (W.D.N.Y. 2007); *United States v. Daniels*, 95 F. Supp. 2d 1160, 1162-63 (D. Kan. 2000); *United States v. Beckford*, 964 F. Supp. 1010, 1025-31 (E.D. Va. 1997).

[8] To be sure, the court in *Kravetz* addressed a different issue, namely, a journalist's request to access Rule 17(c) materials based upon an insufficient showing of a special need and the absence of a presumptive public right of access under either the common law or the First Amendment. *Id.* at 56. Nonetheless, the court's concomitant statement, albeit dicta, that Rule 17(c)'s text does not prohibit ex parte requests and that *Peters*, *Daniels*, and *Beckford* found them permissible signals approvingly that an ex parte request may be appropriate to avoid disclosing trial strategy, witnesses' identities, and counsel's work product. *See id.* at 53 n.4.

F. Supp. 2d at 1163 (finding ex parte applications permissible where source or integrity of "evidence might be imperiled" or trial strategy disclosed) (citation omitted); *Beckford*, 964 F. Supp. at 1027 ("If [Rule 17(c)] motion could never be made ex parte, the defendant would, in some cases, be forced to reveal his trial strategy, witnesses' identities or his attorney's work-product" to secure "issuance of a pre-trial subpoena.").

Other courts, including one in this district, similarly reason that ex parte Rule 17(c) subpoenas are justified to circumvent revealing trial strategy, witnesses' identifies, and/or counsel's work product.  Thus, the court in *United States v. Colburn*, Criminal No. 19-10080-NMG, 2020 WL 6566508 (D. Mass. Nov. 9, 2020), denied the government's motion to compel documents the defendants obtained through ex parte Rule 17(c) subpoenas on the basis they were protected by the work product doctrine.  *Id.* at *1.  As explained in *Colburn*, "Although the text of Rule 17(c) does not explicitly state that ex parte applications are permitted, . . . common sense dictates that where a defendant cannot make the required showing of relevancy, admissibility, and specificity without revealing trial strategy and other protected work product, he must be permitted to make the request ex parte."  *Id.* at *2 (citation omitted); *see also United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995) (If Rule 17(c) "motion could never be made ex parte, the defendant would, in some cases, be forced to

10

reveal his trial strategy, witnesses' identities or his attorney's work-product in order to secure the issuance of a pre-trial subpoena.").

Here, the defendant represents that it cannot meet its burden under the *Nixon* tripartite standard without prematurely revealing trial strategy, potential witnesses' identities, and counsel's work product. At present, the court credits the defendant's representation.[9] Separately, the government has had an opportunity to be heard and address the ex parte procedure in the government's opposition to the pending motion. *See Beckford*, 964 F.Supp. at 1030. As aptly explained in *Beckford*:

> a party seeking an ex parte pre-trial subpoena duces tecum will be able to serve a motion on the adversary asking that the subpoena ultimately be issued ex parte and explaining why it is necessary to proceed ex parte. That affords the opposing party an opportunity to be heard on the need for the ex parte procedure.

*Id.*

Lastly, as earlier indicated, the court will likely utilize Rule 17 and the *Nixon* tripartite standard to adjudicate a motion for letters rogatory. As stated, the court credits, for the time being, the defendant's representations that premature disclosure

---

[9] However, the court reserves the ability to conclude otherwise upon review of the ex parte motion and, if warranted, direct the defendant to serve the motion on the government. *See generally Beckford*, 964 F.Supp. at 1031 (When presented with "*ex parte* motion for a Rule 17(c) pre-trial subpoena" and "*ex parte* procedure is unwarranted, the court should unseal the motion, and provide notice to the opposing party.").

will reveal the defendant's trial strategy, witnesses' identities, and/or counsel's work product. This renders the government's argument that a Rule 17(c) subpoena sought ex parte would not apply equally to an application for letters rogatory less impactful. To be sure, the government points out, correctly, that a recipient of a Rule 17(c) subpoena may move to quash the subpoena under Rule 17(c)(2). In contrast, the foreign tribunal, officer, or agency will decide the methods to collect the requested evidence. *See Coburn*, 2022 WL 357217, at *15 (describing letters rogatory as requested country "acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control . . ."). Moreover, as the government points out, the foreign court or foreign official may have an obligation to engage in an open and transparent process even though this court is proceeding ex parte. These differences, however, do not override the defendant's interest in avoiding the premature disclosure of the defendant's trial strategy, witnesses' identities, and counsel's work product.

In sum, the defendant may file the motion for letters rogatory ex parte.[10] *See generally United States v. Reagan*, 453 F.2d 165, 173 (6th Cir. 1971) (rejecting argument that lower court exceeded its jurisdiction and allowing pre-indictment issuance of ex parte

---

[10] It is therefore not necessary to address the Sixth Amendment argument the defendant raises to support the ex parte process.

12

request for letters rogatory). The court will review the motion under the *Nixon* and Rule 17(c) standard of relevance, admissibility, and specificity.

To avoid delay in the event the court finds the defendant satisfied the *Nixon* requirements, the motion should include the proposed letter(s) rogatory in the correct form with the name and complete address of the "tribunal, officer, or agency to whom [the letter] is addressed," 28 U.S.C. § 1781(a)(2), along with a translated copy in the applicable language of the addressee. *See* John Fellas, Transnational Litigation § 25:52 (2024) (Although the letter rogatory is issued by the court, "[i]t is usual that a draft of the letter rogatory is filed by" party seeking the evidence); *see also* 22 C.F.R. § 92.66(b) (setting out requirements of seeking deposition testimony). Further, the defendant should include a statement that he is willing to waive the speedy trial act during the process.

Lastly, against the backdrop of the government's concern that it may take a year or more to receive a response and thereby potentially render the process unfair to the government, the defendant should include a statement(s) regarding the amount of time it will likely take to complete the process to obtain the material sought for each proposed letter. This consideration may be quite germane in determining whether it would or would not be appropriate to endorse the defendant's request to issue letters

rogatory in this case. The defendant should file the motion for letters rogatory as soon as practicable but no later than January 17, 2025.

## C. Sealing the Response

The defendant seeks to seal the documents, if any, produced in response to the letters rogatory. The request is premature because it assumes the court will allow the motion for letters rogatory, which has not been filed. Nonetheless, the court addresses the request in the interest of thoroughness.

Significantly, the defendant requests and, more importantly, the court requires that any response to the letters rogatory is subject to production to the government pursuant to Rule 16 and the local rules of this court. *See generally Colburn*, 2020 WL 6566508, at *4 (citing with approval unpublished decision by magistrate judge in this district denying "government's request to view all documents produced in response to defendant's Rule 17(c) subpoenas" because: "Our Local Rules provide for the orderly production of information before trial"). Further, as stated previously, the court will credit at this juncture the defendant's representation that immediate disclosure will reveal the defendant's trial strategy, witnesses' identities, and/or counsel's work product. Accordingly, the foreign materials produced, if any, may remain sealed until the conclusion of the

case unless subject to production under Rule 16 and/or the local rules or an order by the presiding judge.

### III. CONCLUSION

In accordance with the foregoing discussion, the motion for leave to proceed ex parte and under seal on a motion for issuance of letters rogatory (D. 55) is **ALLOWED**.

<pre>
                                    /s/ Donald L. Cabell
                                    DONALD L. CABELL, Ch.U.S.M.J.
</pre>

DATED:  December 17, 2024