UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>ERIC TABARO NSHIMIYE,<br><br>                Defendant. | Case No. 1:24-cr-10071-FDS |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR CLARIFICATION AND RECONSIDERATION

Defendant Eric Nshimiye, by and through undersigned counsel, hereby respectfully responds to the Government's Motion for Clarification and Reconsideration, Dkt. 63, of this Honorable Court's December 17, 2024 Order ("December 17 Order"). For the reasons set forth below, the defense respectfully requests this Honorable Court to decline reconsideration of its well-reasoned Order allowing the defendant to proceed *ex parte* on his motion for issuance of letters rogatory. Further, the defense opposes the Government's request to vacate or modify the portion of the December 17 Order pertaining to any materials ultimately being returned under seal.

The Government seeks to unsettle this Court's determination that Mr. Nshimiye may proceed *ex parte* in seeking issuance of letters rogatory. In doing so, it substantially repeats arguments that were, or could have been, raised in its earlier opposition, and fails to demonstrate any intervening change in law, new evidence, or manifest error of fact or law necessitating reconsideration. The December 17 Order properly recognized the defendant's interests warrant a procedure that prevents premature disclosure of trial strategy or otherwise privileged information.[1] The Government's speculation regarding prejudice—based largely on hypothetical scenarios—

---

[1] While this Honorable Court did not need to address the issues, the defense respectfully maintains that Mr. Nshimiye's Sixth Amendment rights further support the *ex parte* process.

does not outweigh Mr. Nshimiye's legitimate interest in safeguarding his trial preparation. This Court should accordingly deny the Government's reconsideration request.

## I. The Government Fails to Meet the High Standard for Reconsideration

Reconsideration is an extraordinary remedy that courts grant only upon a showing of: (1) newly discovered evidence; (2) intervening change in controlling law; or (3) clear legal error or manifest injustice. *See, e.g., United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). The Government's motion does not identify any intervening change in law or new evidence. Nor does it demonstrate that the Court committed any manifest error. At its core, the Government merely disagrees with the Court's conclusion, which, standing alone, is not a proper basis for reconsideration.

## II. The *Ex Parte* Procedure is Appropriate to Protect Constitutional Rights and Prevent Premature Disclosure of Trial Strategy

Courts have routinely acknowledged that *ex parte* procedures may be justified when a defendant's rights would be undermined by disclosure of defense strategy. *See, e.g.*, *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997). Contrary to the Government's suggestion, the Court's December 17 Order struck an appropriate balance between the Government's general interest in information-sharing and Defendant's fundamental right to mount a defense without exposing trial strategy prematurely.

The Government's renewed assertion that Defendant must provide a "supporting affidavit" or further detail to justify an *ex parte* filing misses the point. The Court weighed the defense's representations under the governing legal framework. Nothing in the record indicates that the Court's decision was rendered arbitrarily or without proper consideration of the Government's concerns. The defendant need not reveal those exact strategic details to prove that *ex parte* filing is warranted. Indeed, doing so would defeat the very purpose of the protective procedure.

Furthermore, this Honorable Court already addressed the Government's concerns by "reserve[ing] the ability to conclude otherwise upon review of the *ex parte* motion and, if warranted, direct the defendant to serve the motion on the government." December 17 Order at 11, n. 9.

**III.     The Government's Speculation About Corruption and Reliability Is Unwarranted and Challenge is Premature.**

The Government raises hypothetical questions about corruption or reliability of agents or counsel in foreign jurisdictions, without any specific basis to impugn the legitimacy of Defendant's procedures. This Honorable Court aptly recognized that such concerns are speculative. *See* December 17 Order at 4, n. 4.[2] Moreover, the Government's ability to challenge the admissibility or reliability of any future evidence remains fully intact at trial or via pretrial motions in *limine*.

**IV.     The Court Properly Provided a Framework for Handling Responsive Materials Without Prejudicing the Government**

The Government also asks the Court to vacate or modify its ruling that responsive materials be placed under seal and made available initially only to Defendant. However, in so ruling, the Court recognized the possibility—indeed, the likelihood—that some or all materials might reveal privileged defense strategy. The mere risk that certain records "may" not be relevant or "may" ultimately be shared with the Government does not invalidate the Court's precautionary approach. If and when any returned materials become relevant for trial, they will be produced to the Government and the Government can be heard on admissibility, authenticity, or reliability questions at that juncture.

**V.     The Proper Standard for Review of Letters Rogatory is *Nixon* and the Rule 17(c) Standard of Relevance, Admissibility, and Specificity.**

---

[2] The defense objects to the Government having any ability to weigh on the defendant's decision to hire counsel or other members of the defense team. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006).

The defense respectfully believes this Honorable Court correctly decided on the standard by which letters rogatory requests should be considered: "The court will review the motion under the *Nixon* and Rule 17(c) standard of relevance, admissibility, and specificity." December 17 Order at 13. That standard was properly employed by numerous courts under similar circumstances. *See, e.g.*, *United States v. Hoskins*, 12-cr-00238, 2015 WL 4874921, at *5 (D. Conn. Aug. 14, 2015) ("The standard for issuance of a letter rogatory is the same as if the evidence were located in the United States, and thus Defendant must satisfy the requirements of Fed. R. Crim. P. 17 and *Nixon* to obtain [documentary] evidence from [a third party] that is located abroad.") (citing *United States. v. Korogodsky*, 4 F. Supp. 2d 262, 265 (S.D.N.Y. 1998)). To the extent the Government requests that this Honorable Court also consider "international comity" factors, *see United States v. Van Avermaet*, No. 21-CR-443-TSC-ZMF-4, 2024 WL 3835320, at *2 (D.D.C. Aug. 15, 2024), the defense does not object. The defense will address these factors in its underlying motion although it respectfully believes that any concerns identified by the Supreme Court in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987),[3] to the extent they exist at all, are significantly lessened in the context of letters rogatory requests due to the limited risk that a foreign jurisdiction would produce documents in

---

[3] *Aerospatiale* addressed "the extent to which a federal district court must employ the procedures set forth in the [Hague] Convention when litigants seek answers to interrogatories, the production of documents, and admissions from a French adversary over whom the court has personal jurisdiction" where production of the requested discovery could implicate a foreign Blocking statute. 482 U.S. at 524. In answering that question, the Supreme Court held that "[i]nternational comity does not require in all instances that American litigants first resort to the Convention procedures before initiating discovery pursuant to our Federal Rules." *In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004) (summarizing the holding from *Aerospatiale*); *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 399 (3d Cir. 2021) ("*Aerospatiale* was focused on whether the Federal Rules of Civil Procedure could be used instead of requiring first resort to the Hague Convention."). *Aerospatiale*, however, "does not explicitly require a comity analysis prior to the issuance of a letter of request under the Hague Convention." *Arcelik A.S.*, 856 F. App'x at 397 n. 9.

contravention of its own laws. *See In re Sealed Case*, 932 F.3d 915, 931 (D.C. Cir. 2019) ("Absent a clash of foreign and domestic law, American courts may press forward free from worry that their rulings will threaten" international comity).

## VI. A Hearing Is Unnecessary

Lastly, the Government requests a hearing to address the same issues it has repeatedly raised: the *ex parte* procedure and the potential for materials being filed under seal. The Court has ample discretion to decline a hearing where the record is sufficient to support the Court's ruling. *See* L.R. 7.1(e). Because the Government's motion does not raise new facts or controlling law, the defense respectfully believes no further hearing is necessary.

Respectfully submitted,

/s/ Kurt P. Kerns
Kurt P. Kerns, Kansas S.C. No. 15028
KERNS LAW GROUP
328 N. Main Street
Wichita, KS 67202
Telephone: (316) 265-5511
Email: kurtpkerns@aol.com

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Email: menemtsev@gmail.com
*Counsel for Defendant Eric Nshimiye*

## CERTIFICATE OF SERVICE

I hereby certify that a true and authentic copy of the above and foregoing was filed and served electronically pursuant to the CM/ECF system on January 13, 2025, on all counsel of record.

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826