UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC TABARO NSHIMIYE,<br><br>Defendant. | Criminal No. 24-cr-10071-FDS |

**FINAL REPORT IN LIEU OF FINAL CONFERENCE**

Cabell, U.S.M.J.

The defendant has been charged with perjury, obstruction of justice, and falsifying or concealing a material fact. On July 8, 2025, the parties submitted a final status report asking that a final status conference set for July 11 be canceled and that the matter be reported to the district judge for an initial pretrial conference. The district judge in response has set the matter for a status conference for August 4, 2025, at 3:10 p.m., by zoom. Accordingly, the final status conference set before me has been canceled and I report as follows in transferring the matter to the district judge.

**Local Rule 116.5(c)(1) – Whether the Defendant Requests a Rule 11 Hearing**

The defendant does not presently request a Rule 11 hearing.

**Local Rule 116.5(c)(2)(A) – Status of Discovery**

The discovery phase has been robust, but it is now substantially complete. The government agreed to seek records on the defendant's behalf from the governments of Rwanda and Kenya. The Rwanda request has been completed but the Kenya request is still in process. There are no outstanding discovery motions, and the parties do not anticipate that any will be filed.

**Local Rule 116.5(c)(2)(C): Whether all Motions under Rule 12(b) Have Been Filed**

The defendant may file a motion to suppress statements he made to law enforcement on March 11, 2024, at his previous place of employment. He also may move to dismiss the indictment based on due process issues. The defendant seeks two months, to September 8, to file the anticipated motions. In light of the potentially dispositive nature of the motions and the fact that counsel may anticipate spending some time away from the office over the next several weeks, the court will accommodate counsel's request and set a deadline of September 8, 2025 for the filing of any Rule 12(b) motions. The defendant should be prepared to report definitively at the August 4 status conference whether the motions will in fact be filed.

**Local Rule 116.5(c)(2)(D) – The Status of Excludable Time**

The court has issued orders in the aggregate excluding the time from the defendant's arraignment to August 4, 2025. Accordingly, no time will have elapsed for purposes of the Speedy Trial Act when and if the status conference is held as scheduled.

**Local Rule 116.5(c)(2)(E) and (c)(3): Estimate of Trial and Miscellaneous Matters**

The parties estimate a trial would last three weeks, i.e., about 15 days.

Regarding other matters, the defendant has moved to revoke the undersigned's pretrial detention order, and for release on bail, based on due process concerns. (D. 95). The undersigned expects to resolve that motion before the August 4 status conference.

There are no other matters specific to this case that would assist the district judge upon transfer.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: July 11, 2025