UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | |
| ) | Case No. 24-cr-10071-FDS |
| ERIC TABARO NSHIMIYE, ) | |
| ) | |
| Defendant.  ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPEAL AND OBJECTIONS
TO THE MAGISTRATE JUDGE'S JULY 23, 2025, ORDER (DKT. 113)**

The United States hereby opposes defendant Eric Nshimiye's appeal and objections to the magistrate judge's July 23, 2025, order denying his motion to revoke the pretrial detention order on due process grounds. In short, the defendant has failed to establish that the magistrate judge's order was clearly erroneous, contrary to law, or that it should otherwise be overturned. The court should deny the defendant's appeal accordingly.

**Relevant Background**

Much of the relevant procedural background is set forth in defendant's appeal. *See* ECF No. 119 at pp. 3-5. The defendant was arrested in the Northern District of Ohio on March 21, 2024. After a detention hearing in that district, a magistrate judge (Hon. Carmen E. Henderson) ordered the defendant detained. ECF No. 14. The defendant appealed the magistrate's decision to this Court on May 23, 2024. ECF No. 31. Considering the matter *de novo*, the Court likewise ordered the defendant detained, concluding that no condition or combination of conditions would reasonably assure the defendant's appearance. ECF No. 43.

On May 13, 2025, the defendant sought the revocation of this court's pretrial detention order, arguing that the length of his detention (fourteen months at that point) violated due process. ECF No. 95. The government opposed. ECF No. 103. On July 23, 2025, Magistrate Judge Donald

J. Cabell denied the defendant's motion in a nine-page written order. ECF No. 113. In particular, after considering (1) "the seriousness of the charges"; (2) "the strength of the government's proof that defendant poses a risk of flight or a danger to the community"; (3) "the strength of the government's case on the merits"; (4) "the length of the detention that has in fact occurred"; (5) "the complexity of the case"; and (6) "whether the strategy of one side or the other has added needlessly to that complexity," the court found that the length of the defendant's pretrial confinement did not violate due process. *Id.* at 2. This appeal followed.

## Legal Standard and Argument

The defendant's appeal concerns the Constitutionality of his pretrial confinement and is therefore non-dispositive. "A magistrate judge's decision on a non-dispositive motion should be reviewed to determine if it is clearly erroneous or contrary to law…." *Conetta v. Nat'l Hair Care Centers, Inc.*, 182 F.R.D. 403, 405 (D.R.I. 1998); *see* Fed. R. Crim. P. 59(a) ("The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.").[1] Because it was not clearly erroneous or contrary to law, the magistrate judge's ruling must stand.

To begin with, the magistrate judge determined that the charges against the defendant are "undeniably serious and grave," pointing out that the defendant was allegedly involved "in the murder of Tutsis, including women and children." ECF No. 113 at 2-3. The defendant does not

---

[1] The defendant claims—erroneously—that the Court's review of the magistrate judge's decision "should" be *de novo*. ECF No. 119 at 8. The defendant cites *United States v. Tortora*, 922, F.2d 880 (1st Cir. 1990) in support of this claim. *Tortura*, however, concerned an appeal of a magistrate judge's detention order, which is governed by 18 U.S.C. § 3145 and its associated case law. Because it is not an appeal of the magistrate court's detention order (and because it is non-dispositive), the instant appeal is governed by Rule 59(a) and 18 U.S.C. § 636(b)(1)(A), both of which provide for clear error review. That said, regardless of the standard of review, the defendant's appeal fails for the reasons stated below and in the government's original opposition (ECF No. 103), which is expressly incorporated herein by reference.

dispute this conclusion in his response. ECF No. 119 at 12 ("To be clear, the defense does not dispute the seriousness of the alleged conduct…."). Instead, he merely points to other cases involving similar charges where defendants were granted pretrial release at the outset of the case. Putting aside the fact that detention decisions are highly fact specific, the central point remains: the seriousness of the charges cuts against the defendant's due process claim.

So too does the strength of the government's proof that the defendant poses a serious risk of flight. Consistent with this Court's pretrial detention order, ECF No. 43, the magistrate court rightly concluded that "the government's proof that the defendant poses a risk of flight is strong" considering the defendant's initial flight from Rwanda to the United States, the strength of the government's case on the merits, and the likelihood that, if convicted, the defendant will face further prosecution in Rwanda. ECF No. 113 at 3. Once again, the defendant does very little to dispute the court's well-founded determination. Instead, he attempts to rehash the detention issue entirely by citing to supposed "changed [family] circumstances" and proposing that he be permitted to travel "between Ohio and Massachusetts only with one of his attorneys." ECF No. 119 at 15. As the government noted in its earlier opposition, however, the defendant is not entitled to reopen the issue of detention: none of the information proffered in his motion is new, nor does it have a "material bearing on the issue whether there are conditions of release that will reasonably assure" his appearance. ECF No. 103 at FN2; *see* 18 U.S.C. § 3142(f). That the evidence of risk of flight weighs in government's favor, therefore, is not reasonably in dispute.

The magistrate judge also found that the strength of the government's case on the merits "weighs against finding a due process violation based on the defendant's continued detention." ECF No. 113 at 4. Aside from repeating his claim that the government's witnesses "have motives

3

to lie," the defendant does nothing to establish that this ruling was clearly erroneous, contrary to law, or that it should otherwise be overturned. Indeed, the defendant fails to even address the fact that many of the allegations against him are based on uncontroverted immigration documents and the defendant's own admissions, not the testimony of percipient witnesses.

The bulk of the defendant's appeal focuses on delays attributable, he claims, to the alleged complexity of the case and his efforts to obtain "crucial" discovery located overseas through letters rogatory. A cursory look at proposed letters, however, confirms the magistrate court's finding: "the letters rogatory [requested by the defendant] amount to a fishing expedition and lack specificity." ECF No. 77. For example, one letter directed to the French Ministry of Justice requests, among other things, "[a]ll statements or testimony provided by victims or other witnesses regarding the events in Butare and at the University Hospital from April to July 1994." ECF No. 104-5 at 6. Another letter directed to the Ministry of National Unity & Civic Engagement in Kigali, Rwanda, requests "[a]ny documents from the Gacaca court archives—either in the Huye District or from any district addressing genocide-related cases from Butare—that pertain to" *seventy-eight* listed individuals. ECF No. 105-7 at 6-7. The purpose of these requests, it seems, is to determine whether the defendant was named by witnesses as a genocidaire in prior legal proceedings involving the events of Butare in 1994. *See* ECF No. 104-1 at 5-10 (describing defense efforts to determine whether current allegations are the result of recent fabrication). As the magistrate court rightly pointed out, however, these requests and others made by the defendant lack specificity and are not aimed at obtaining admissible evidence.[2] ECF No. 77. They also

---

[2] It is entirely unclear clear to the government, for example, how to testimony of a witness from the Gacaca proceedings that does not mention the defendant would be admissible at the trial in this matter.

constitute an improper attempt to obtain impeachment material for use in cross examination. *See United States v. Nixon*, 418 U.S. 683, 701 (1974). The fact that this case has been delayed because of the defendant's vague fishing expedition surely cuts against his claim of a due process violation.

Meanwhile, the defendant fails to account for the voluminous discovery produced by the government, which includes early production of Jencks materials for most, if not all, of the government's witnesses and potential witnesses. These materials include not only reports of recent interviews conducted by the government's investigative team but also considerable materials—including witness statements—from the ICTR and other courts involving the 1994 events in Butare. In short, the government has gone above and beyond its discovery obligations in this case and remains eager to set the earliest practicable trial date.

## Conclusion

There is no bright-line rule regarding what period of pretrial detention violates Due Process. *See, e.g.*, *United States v. Tortora*, 922 F.2d 880, 889 (1st Cir. 1990) ("At this stage of the proceedings, Tortora's pretrial incarceration" of more than a year and a half "has not been so protracted as to support a due process claim."); *United States v. Carrozza*, 807 F. Supp. 156, 157 (D. Mass. 1992), *aff'd*, 4 F.3d 70 (1st Cir. 1993) ("All five defendants were detained pending trial, some for more than two years. After taking testimony and receiving other evidence, the court in December 1991 denied their motions to be released on Due Process and Sixth Amendment grounds."); *United States v. Montrond*, No. 09-cr-10278-NMG, 2011 WL 1560932, at *3 (D. Mass. Apr. 25, 2011) ("While [sixteen months is] a significant period of time, I do not feel that his length of incarceration standing alone, is violat[ive] of due process, given that he faces a mandatory minimum sentence of five years if convicted of the offenses charged, *i.e.*, substantially longer than

5

sixteen months.") Considering the seriousness of the charges, the strength of the government's case, the strong evidence of risk of flight, and the other factors highlighted above and in the government's earlier objection (ECF No. 103), the court should reject the defendant's appeal and affirm the magistrate court's order.

                                                  Respectfully submitted,

                                                  LEAH B. FOLEY
                                                  United States Attorney

By:   */s/ Jason A. Casey*
       Jason A. Casey
       Christopher Looney
       Assistant U.S. Attorneys

Dated: Sept. 3, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                  */s/ Jason A. Casey*
                                                    Jason A. Casey
                                                    Assistant U.S. Attorney