UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cr-10071-FDS |
| | ) | |
| ERIC TABARO NSHIMIYE, | ) | |
| | ) | |
| Defendant. | ) | **REDACTED PURSUANT TO** |
| | ) | **PROTECTIVE ORDER** |
| | ) | |

**SUPPLEMENTAL MEMORANDUM AHEAD OF THE
DECEMBER 19, 2025 STATUS CONFERENCE**

Now comes the defendant, Eric Tabaro Nshimiye, by and through undersigned counsel, and respectfully submits this memorandum in advance of the December 19, 2025 status conference.

Unfortunately, our discussions with the government have become a moving-target exercise. Each time the defense agrees to further narrow its request in order to secure the government's assistance, the government shifts the goalposts again. The defense has already reduced its request to seven specific killings and roadblocks. The government now asserts that any assistance is conditioned on the defense waiving the right to receive these materials in advance of trial, and further contends that the request must come from the defense, despite the defense's lack of authority to make such requests and the obvious risk that a defense-initiated request will not be afforded the same weight. The defense respectfully objects to this approach.

At the last hearing on December 5, 2025, with the Court's assistance, the parties discussed a method to narrow disputes and focus production on the most relevant evidence. Counsel agreed to limit requests for the ICTR and Rwanda to the seven specific killings and roadblocks that the government's witnesses allege Mr. Nshimiye participated in or was seen at:

1

1. Tharcisse Kabalisa OR Kabalisa's Bike
2. Mukoni Roadblock
3. Bwanakeye Roadblock
4. Murder of Rita Mukamana (Daughter of Diyoniziyo)
5. Munyenyezi's Hotel
6. Killing of Samusoni Wilson/Mbazi (a tailor)
7. Mandebugira's Roadblock

Consistent with the Court's proposal to use Boolean search terms, the defense proposed that the following terms be run:

1(a) Tharcisse NEAR/10 Kabalisa
1(b) Kabalisa NEAR/10 (bike OR bicycle OR stole*)
2(a) Bwanakeye NEAR/10 (house OR home OR roadblock OR road block OR barrier)
3(a) Mukoni NEAR/10 (house OR home OR roadblock OR road block OR barrier)
4(a) (Rita OR Mukamana OR Diyoniziyo) AND (kill* OR murder* OR death OR execut*)
5(a) Munyenyezi NEAR/10 (hotel* OR guest* OR roadblock* OR checkpoint)
6(a) Samusoni NEAR/5 Wilson OR Samusoni Near/5 Mbazi
6(b) tailor* AND (kill* OR murder* OR death OR execut*)
7(a) Mandebugira NEAR/10 (roadblock* OR checkpoint OR barricade)

The government contended that the proposed search terms were too broad. In response, the defense agreed that the government could instead submit only the initial seven-category list and permit the recipient entities to search their repositories in the ordinary course, consistent with their standard practices. Despite that narrowing, the government continues to characterize the requests as a "fishing expedition," and further argues that the requests should not come from the government but from the defense (which lacks the authority to make such requests). The government has also suggested that, as a condition of any assistance, the defense should waive any right to receive these materials in advance of trial.

Respectfully, none of these requests constitutes a fishing expedition. Each identified location or victim is specifically tied to allegations in the government's witness statements placing Mr. Nshimiye at the scene or attributing direct participation to him:

1. Tharcisse Kabalisa — ROI-28:

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████.

2. Samusoni Wilson/Mbazi — ROI-10:

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████

3. Mukoni / Bwanakeye Roadblocks — ROI-17:

██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████

4. Rita Mukamana — ROI-14:

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████

5. Munyenyezi Roadblock — ROI-14:

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

6.  Mandebugira Roadblock — ROI-10:

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████.

Accordingly, these requests are relevant, narrowly tailored, and directly responsive to the government's allegations against Mr. Nshimiye. They are reasonably likely to lead to admissible evidence, including by identifying witnesses to these events who can testify that Mr. Nshimiye was not present and did not participate. Moreover, these categories concern records that are reasonably available from the ICTR and Rwanda, and the defense understands that Rwanda has made substantial efforts to digitize records and make them searchable. *See* 2022 presentation by Dr. Peter Horsman (retained by the Rwandan Ministry of Justice to digitize and facilitate searchable access to the Gacaca records), available at https://www.youtube.com/watch?v=oXsryXHpNEQ. Likewise, the defense does not believe it is required to waive its right to obtain and use these materials as a condition of receiving any assistance in securing them in the first place. The government's position simply runs afoul of the Sixth Amendment right to compulsory process.

Without waiving our right to the broader letters that were previously requested, including the letter to MSF seeking Mr. Nshimiye's employment records during the genocide, the defense respectfully requests that this Honorable Court issue the two requested letters to the ICTR and to Rwanda seeking records relating to Mr. Nshimiye, Mr. Teganya, and the seven specified categories irrespective of any government agreement or assistance. Any proposed Boolean search terms can be included as optional suggestions for the entities responding to these requests.

Respectfully submitted,

/s/ Kurt P. Kerns
Kurt P. Kerns, Kansas S.C. No. 15028
KERNS LAW GROUP
328 N. Main Street
Wichita, KS 67202
Telephone: (316) 265-5511
Email: kurtpkerns@aol.com

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Email: max@mnpc.law
*Counsel for Defendant Eric Nshimiye*

## CERTIFICATE OF SERVICE

I hereby certify that a true and authentic copy of the above and foregoing was served on all registered parties, via ECF.

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826