UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                          )<br>                    Plaintiff,             )<br>                                                          )<br>v.                                                      )     Case No. 1:24-cr-10071-FDS<br>                                                          )<br>ERIC TABARO NSHIMIYE,            )<br>                                                          )<br>                    Defendant.          )<br>                                                          ) | |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL

Defendant, through undersigned counsel, respectfully submits this Supplemental Memorandum in further support of the pending Motion to Continue Trial.

In furtherance of the defense investigation, Attorney Nemtsev traveled to Rwanda and met with defense investigator Dick Prudence Munyeshuli. While in Ruhengeri, Mr. Nshimiye's hometown, Mr. Munyeshuli received a telephone call from the Governor of the North Province requesting to meet with him. Approximately, twenty minutes later Mr. Munyeshuli received another phone call requesting he come outside. Mr. Munyeshuli left his belongings with Attorney Nemtsev and exited the hotel to attend the requested meeting. Upon leaving the hotel, Mr. Munyeshuli was taken into custody.

Approximately one hour later, three Rwandan officials located Attorney Nemtsev at the hotel and requested that he accompany them to a government office "to discuss his visa." Upon arriving at the government headquarters, Attorney Nemtsev's cellular phone was confiscated, officials refused his requests to contact the United States Embassy, and he was questioned extensively by said officials regarding his and Mr. Munyeshuli's whereabouts, the individuals they

1

had met with, the substance of discussions, their future investigative plans, any visits to government ministries, and the identities of potential defense witnesses.

Attorney Nemtsev was detained for approximately seven hours. Following the interrogation, officials released him and informed him that he would be required to obtain a research permit and that he was prohibited from conducting further investigative activity or visiting any ministry offices without such authorization. He was advised that failure to comply would result in additional detention. Unbeknownst to counsel, Mr. Munyeshuli had been arrested and remained in custody.

After his release, Attorney Nemtsev departed Ruhengeri for Kigali a drive of approximately two hours taking with him Mr. Munyeshuli's belongings, whose whereabouts were unknown. During the drive, the vehicle operator received a call instructing him to pull over because the Rwandan Police intended to take possession of Mr. Munyeshuli's files and computer. Attorney Nemtsev waited approximately thirty minutes in the dark, on the side of the road for law enforcement to arrive. Given the prior detention, Attorney Nemtsev reasonably believed he might again be taken into custody. Although Attorney Nemtsev was not detained a second time beyond the vehicle stop, Rwandan Police officers seized Mr. Munyeshuli's laptop computer, containing defense work product. Close to midnight, counsel was advised that Mr. Munyeshuli was released.

Considering the detention, interrogation, confiscation of computers, seizure of investigative materials, and explicit warnings prohibiting further research activities absent special authorization, Attorney Kerns demanded that Attorney Nemtsev depart Rwanda and join him in Nairobi, Kenya, where he was conducting a separate investigation.

As a direct result of these events, counsel and their investigator were unable to complete planned witness interviews and potential defense witnesses could not be fully vetted or selected.

These circumstances were entirely beyond the control of the defense. The inability to complete the investigation has materially affected counsel's ability to prepare for trial. Given the substantial interference with defense preparation, counsel respectfully request that the Court grant a continuance of the trial date to ensure effective assistance of counsel consistent with the Sixth Amendment.

Respectfully submitted,

/s/ Kurt P. Kerns
Kurt P. Kerns, Kansas S.C. No. 15028
KERNS LAW GROUP
328 N. Main Street
Wichita, KS 67202
Telephone: (316) 265-5511
Email: kurtpkerns@aol.com

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826
20 Park Plaza, Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Email: menemtsev@gmail.com
*Counsel for Defendant Eric Nshimiye*

## CERTIFICATE OF SERVICE

I hereby certify that a true and authentic copy of the above and foregoing was filed and served electronically pursuant to the CM/ECF system on February 18, 2026, on all counsel of record.

/s/ Maksim Nemtsev
Maksim Nemtsev, Mass. Bar No. 690826