UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 24-cr-10071-FDS |
| ERIC TABARO NSHIMIYE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM REGARDING IDENTIFICATION WITNESSES AND VOIR DIRE**

The government submits this brief response to the defendant's Supplemental Memorandum Regarding Identification Witnesses. As set forth in the government's prior brief on the subject (Dkt. No. 196), the government maintains that the relevant witnesses have not been subjected to suggestive identification procedures and so there is no bar to their identification of Nshimiye in the ordinary course of trial.

Mindful of the opinions expressed by the Court during the prior hearing relating to eyewitness identifications, however, the government suggests that *limited voir dire* or other similar procedures may be appropriate as to *some witnesses*.

As to witnesses who have had a long-term relationship and exposure to Nshimiye—fellow students at University of Butare and others affiliated with the University—the government understood that no such *voir dire* was necessary; these witnesses identification of Nshimiye—as a student at the University of Butare and a friend of Jean Leonard Teganya—are undisputed facts and defense's true objection to these witnesses testimony is not a matter of identification, but objection to what these witnesses allege Nshimiye did.

As to witnesses who identified Nshimiye in photographs, the government suggests that limited *voir dire* is appropriate to evaluate the strength of the identification, any suggestiveness,

and to permit the defense to fully develop issues that may then be further explored on direct and cross-examination.

As to those witnesses who have not previously been confronted with photographs or otherwise physically identified Nshimiye, the government suggests that the appropriate approach is for the government to develop an adequate testimonial foundation for the witnesses' knowledge of and familiarity of Nshimiye. Once such a foundation is established, the government submits that the witnesses should be permitted to make an in-court identification of Nshimiye, consistent with the typical practice.

The alternative proposed by the defense—a court supervised photo array is impractical and prejudicial to the government. Put simply, a two dimensional photo array, is not an adequate substitute for viewing a live three-dimensional person. When these witnesses viewed events in 1994, they did not observe artificial, court-arranged photographs; they viewed and interacted with live human beings. They should be permitted to make the identification in the same manner that they made their earlier observations. To do otherwise is unfair and prejudicial to the government.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

A. TYSEN DUVA
Assistant Attorney General

By: /s/ Christopher R. Looney
CHRISTOPHER LOONEY
Assistant United States Attorney
ALEXANDRA SKINNION
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

/s/Christopher Looney
Christopher R. Looney
Assistant United States Attorney

Date: September 25, 2026