UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 24-cr-10071-FDS |
| ERIC TABARO NSHIMIYE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR ORDER TO COMPEL RECIPROCAL DISCOVERY**

The government respectfully moves the Court for an order to compel the production of reciprocal discovery under Federal Rules of Criminal Procedure 16(b) and 26.2, including reciprocal *Jencks* Act material in compliance with 18 U.S.C. § 3500.

As background, the defendant identified forty-two witnesses on his witness list. Dkt. No. 215. Since then, the defense has informed the government that it will not call one of those witnesses. To date, however, the defendants have produced no discovery whatsoever, including no *Jencks* material in their possession for the forty-one witnesses that they may call.

The government recognizes that it has heightened discovery obligations in a criminal case—and that the obligations of the government and a defendant are not equivalent. The Federal Rules of Criminal Procedure do, however, impose important reciprocal discovery obligations on the defendant. *See, e.g., United States v. Hsia*, 24 F. Supp. 2d 14, 29 (D.D.C. 1998) (referring to "reverse Jencks material" under Rule 26.2). Specifically, the adoption of Rule 26.2 reflected the policy judgment that it is important to establish procedures for the production of defense witnesses' statements. Rule 26.2 was "designed to place the disclosure of prior relevant statements of a defense witness in the possession of the defense on the same legal footing as is the disclosure of prior statements of prosecution witnesses in the hands of the government under

the *Jencks Act*." Fed. R. Crim. P. 26.2 advisory committee's note to 1979 addition; *see United States v. Giron*, No. 1:17cr-0031, 2017 U.S. Dist. LEXIS 207269, at *18-19 (D.N.D. Dec. 18, 2017) (Rule 26.2 imposes a reciprocal obligation of disclosure upon the defendant for defense witness statements that relate to the subject of their testimony).

The defendant has retained an experience investigator and, with his assistance, has identified forty-one witnesses whom they may call to testify in this case. Surely, in the course of the defense's investigation and trial preparation, the defense team has come into possession of some record of statements given by these witnesses. Any such record should be produced forthwith.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

A. TYSEN DUVA
Assistant Attorney General

By: /s/ Christopher R. Looney
CHRISTOPHER LOONEY
Assistant United States Attorney
ALEXANDRA SKINNION
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Christopher Looney*
Christopher Looney
Assistant U.S. Attorney