**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES of AMERICA** | ) | |
| **v.** | ) | **Criminal Action No. 24-10071-FDS** |
| **ERIC TABARO NSHIMIYE,** | ) | |
| **Defendant.** | ) | |

**SECOND AMENDED MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND GOVERNMENT'S MOTION TO DISMISS PORTIONS OF THE INDICTMENT**

**SAYLOR, J.**

Defendant Eric Tabaro Nshimiye is charged with perjury in violation of 18 U.S.C. § 1623(a) and obstruction of justice in violation of 18 U.S.C. §§ 1503 and 1502, arising out of his testimony at a prior trial of another individual involving the genocide in Rwanda.

On October 13, 2026, the case proceeded to trial. On October 20, 2026, the government rested. Defendant has now moved for judgment of acquittal under Fed. R. Crim. P. Rule 29. The government has also moved to dismiss portions of the indictment under Fed. R. Crim. P. Rule 48(a).

## I. Defendant's Motion for Judgment of Acquittal

Under Fed. R. Crim. P. Rule 29, this Court may enter an acquittal if the evidence is legally insufficient to sustain a conviction. *See United States v. Perez-Greaux*, 83 F.4th 1, 12 (1st Cir. 2023).

Defendant contends that the government has put forth no evidence to prove that defendant committed perjury when he made the following three statements:

First, in Count 1:

"Q: Did Mr. Teganya have a hat or a scarf like that in the room that you shared?

A: No."

Second, in Count 3:

"Q. You wore the pins as well?

A. No."

And third, in Count 3:

"Q: You attended trainings with Mr. Teganya at the gym and in the forest?

A. No; hell, no."

The Court agrees, and the government does not dispute that contention. Accordingly, the Court will enter a judgment of acquittal as to these three specific statements under Counts 1 and 3.

## II. Government's Motion to Dismiss

Under Fed. R. Crim. P. Rule 48(a), "the government may, with leave of court, dismiss an indictment, information or complaint" during trial if the defendant consents. Under Count 5, the indictment charges the defendant with obstruction of justice and puts forth two theories: (1) that defendant himself committed obstruction of justice, and that (2) defendant aided and abetted Jean Leonard Teganya in committing obstruction of justice. The government seeks to dismiss the aiding and abetting theory.[1] The defendant consents. Accordingly, the Court will grant the government's motion and dismiss the aiding and abetting theory under Count 5 with prejudice.[2]

## III. Conclusion

For the foregoing reasons, defendant's motion for judgment of acquittal is GRANTED as

---

[1] More precisely, the Court construes the government's statements during the hearing on the motion as a motion to dismiss the aiding and abetting theory of obstruction of justice under Fed. R. Crim. P. Rule 48(a).

[2] As the government has moved mid-trial to dismiss the aiding and abetting theory under Count 5, the dismissal must be with prejudice, as the defendant has been placed in jeopardy in connection with that charge. *See, e.g.*, *Woodring v. United States*, 311 F.2d 417, 423-24 (8th Cir. 1963).

to the aforementioned "No," "No," and "No; hell, no" statements alleged in Counts 1 and 3 and otherwise DENIED. The government's motion to dismiss the aiding and abetting theory under Count 5 is GRANTED with prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: October 26, 2026